UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-80109-Cr-ROSENBERG

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN JOSEPH O'GRADY,

        Defendant.
_____/

## STIPULATED STATEMENT OF FACTS

### A. Elements of Offense

By his signature below, the defendant understands and acknowledges that were this matter to have proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt as to the sole count of the Information which charges him with Falsely Impersonating a Deputy U.S. Marshal, in violation of Title 18, United States Code, Section 912:

First: That the Defendant falsely assumed or pretended to be an officer or employee acting under the authority of the United States, as charged;

Second: That, while pretending to be a federal officer or employee, the Defendant acted as such; and

Third: That the Defendant did so knowingly and willfully with intent to deceive another.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely,

1

with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

### B.   Penalties

The defendant understands and acknowledges that the Court may impose a maximum term of up to three (3) years' imprisonment, to be followed by a maximum term of one (1) year of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to two hundred and fifty thousand dollars ($250,000.00). The defendant is also obliged to pay a $100.00 special assessment to the Court.

### C.   Statement of Facts

Had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt, through admissible testimony and evidence, which the defendant agrees, by his signature below, are true and correct facts, and satisfy all the necessary elements of the offense of conviction referenced above and in paragraph 1 of the Plea Agreement:

1. On March 21, 2018, Officers of the Boynton Beach Police Department (BBPD) responded to a call from the Manager of the BestBuy Electronics Retail Store, located at 550 N. Congress Avenue, Boynton Beach, located within Palm Beach County and the Southern District of Florida. The Manager advised the officers that he wished a man in a business suit, later identified as the defendant, John Joseph O'GRADY (O'GRADY), to be issued a trespass warning because defendant O'GRADY had been previously observed shoplifting an iPhone 10 from the store on a prior occasion. When BBPD officers made contact with defendant O'GRADY, in an interaction captured on

2

audio/video bodycam footage, they observed him attired in suit with a jacket, displaying a USMS lapel pin (that is, a miniature replica of the USMS star within a circle badge). For officer safety purposes, the officers asked defendant O'GRADY if he had any weapons on his person, to which defendant O'GRADY responded "yes." An officer then asked where the weapon was located, to which defendant O'GRADY replied "on my hip." An officer then asked whether defendant O'GRADY was "a police officer?" to which defendant O'GRADY replied "I am not." The officer then asked, "what are you?" to which defendant O'GRADY responded "a Federal Marshal." When asked if he had any "federal marshal ID," defendant O'GRADY claimed he did not have any with him because he "just stepped out of his house." When asked if he had a supervisor's number to call, defendant O'GRADY replied "no."

2. Due to these unusual responses, the officers then expressed their concern that the defendant was carrying a weapon without any (law enforcement) identification, to which defendant O'GRADY responded "it's not a real weapon." Only at the point that the officers responded with incredulity "you're carrying a fake weapon, and you're a federal marshal?," did the defendant finally concede "no," that is, that he was not actually a federal marshal, but rather a limo driver. The defendant was then advised he was under arrest.

3. During the foregoing incident, which was captured on a BBPD police body camera, defendant O'GRADY can be seen wearing an authentic appearing US Marshals Service badge, a US Marshals Service lapel Pin, a suit and tie, and was found wearing a BB pistol replica of a semi-automatic pistol on his right hip in a belt holster. The badge

3

and replica pistol were removed from defendant O'GRADY incident to arrest.

4. A personnel specialist/custodian of records for the United States Marshals Service, also known as federal marshals, would testify that Deputy United States Marshals are employees of the United States Department of Justice, and that she conducted a diligent search of the personnel records of the United States Marshals Service and determined/confirmed that defendant O'GRADY has never been an officer or employee of the USMS.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

SEEN, AGREED AND APPROVED:

_____
JOHN JOSEPH O'GRADY
DEFENDANT

_____
PETER BIRCH
SUPERVISORY ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Dated: 8/16/18
West Palm Beach, Florida

4